## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN M. MEYER** | : | |
| c/o Gerhardstein & Branch Co. LPA | : | |
| 617 Vine St., Suite 1409 | : | Case No. |
| Cincinnati, OH 45202 | : | |
| | : | |
| Plaintiff, | : | Judge |
| | : | |
| v. | : | |
| | : | |
| **BARBARA MCNICHOLAS** | : | |
| c/o Southeastern Correctional | : | |
| Institution | : | **COMPLAINT AND** |
| 5900 B.I.S. Road | : | **JURY DEMAND** |
| Lancaster, OH 43130 | : | |
| | : | |
| In her individual and official | : | |
| capacities, | : | |
| | : | |
| and | : | |
| | : | |
| **JANE AND JOHN DOES #1-5** | : | |
| c/o Southeastern Correctional | : | |
| Institution | : | |
| 5900 B.I.S. Road | : | |
| Lancaster, OH 43130 | : | |
| | : | |
| In their individual and official | : | |
| capacities. | : | |
| | : | |
| Defendants. | : | |

## I. PRELIMINARY STATEMENT

1.     This case challenges the Defendants' failure to provide adequate

protection to a man who was beaten and sexually assaulted while he was incarcerated at

the Southeastern Correctional Institution in January 2006. Defendants are correctional

officers who knew that John Meyer was at risk of being attacked by fellow inmates in his

dorm, yet took no steps to protect him from the known danger of attack, in violation of federal law. Mr. Meyer brings this case to secure compensation and other relief and in the hope that this case will help prevent other attacks at the Southeastern Correctional Institution.

## II. JURISDICTION

2.      Jurisdiction over claims brought under the Civil Rights Act of 1871 is conferred on this court by 28 U.S.C. §§ 1331, 1343 (3) and (4).

## III. PARTIES

3.      Plaintiff Meyer was at all times relevant an inmate at Southeastern Correctional Institution in Lancaster, Ohio.

4.      Defendant McNicholas was at all times relevant to this action an employee of the State of Ohio Department of Rehabilitation and Corrections service at Southeastern Correctional Institution in Lancaster, Ohio. Defendant McNicholas is sued in her individual capacity and official capacities.

5.      Defendants Jane and John Does 1-5 were, at all times relevant to this action, employees of the State of Ohio Department of Rehabilitation and Corrections service at Southeastern Correctional Institution in Lancaster, Ohio. Defendants Jane and John Does 1-5 are sued in their individual and official capacities.

## IV. ADMINISTRATIVE EXHAUSTION

6.      Mr. Meyer is not incarcerated. Accordingly, he is not subject to any of the provisions of the Prison Litigation Reform Act, including its administrative exhaustion requirement.

2

## V. FACTS

7.    In January 2006, five inmates living in the H3 West Wing at Southeastern Correctional Institution ("SCI") in Lancaster, Ohio, physically attacked John Meyer, who was also housed in SCI's H3 West Wing. The attackers held him down to his bed as they punched and kicked him in the stomach and back.

8.    Mr. Meyer worked in the cafeteria at SCI as a cook. The attackers wanted Mr. Meyer to steal food for them. Mr. Meyer believed that if he continued to resist their threats and refused to steal food, that the attackers would eventually kill him.

9.    The next morning Mr. Meyer reported the incident to the H3 Wing sergeant, Sgt. Barbara McNicholas, who took notes about the incident as she listened to Mr. Meyer's account. Mr. Meyer warned Sgt. McNicholas of his suspicions that the assailants would continue to attack him and would possibly kill him for resisting their threats.

10.   Defendant McNicholas knew that Mr. Meyer was at risk of serious harm and upon information and belief Defendant McNicholas informed Jane and John Doe #1,2 and 3 of Mr. Meyer's risk of harm. Neither Defendant McNicholas nor Defendants Doe #1, #2, or #3 took reasonable steps to prevent Mr. Meyer from being seriously harmed by other inmates.

11.   Defendants Doe #4 and #5 knew Mr. Meyer was a vulnerable inmate and that his attackers were violent inmates and failed to separate Mr. Meyer from his attackers.

12.   After reporting the incident to Sgt. McNicholas, Mr. Meyer reported to his work shift in the cafeteria. Upon returning to his dorm after work, the five attackers

3

taunted Mr. Meyer and asked him if he was sore from the previous night; "wait 'til later," they threatened.

13.    Mr. Meyer was awakened that night to his arms being pinned to the sides of his bed and his neck being clasp into a choke hold, all while being punched and kicked in the stomach, back, and thighs.

14.    The same five assailants, about whom Mr. Meyer had warned Sgt. McNicholas earlier that very day, had returned as promised to attack Mr. Meyer. Only this time, they took their attacks to a new level of force. As Attackers #1-4 pinned down Mr. Meyer's arms, choked him, kicked him and punched him, Attacker #5, known as "Doughboy," sexually assaulted him.

15.    Mr. Meyer struggled to escape, but his efforts failed as he was outnumbered and unable to breathe. When the attack finally ended, Mr. Meyer sought assistance from another inmate housed in the H3 West Wing. This inmate escorted Mr. Meyer to Corrections Officer Riley who took Mr. Meyer to the infirmary.

16.    At the infirmary, nurses documented and photographed bruising to Mr. Meyer's back and neck regions that he sustained during the attacks. He never returned to the H3 West Wing. Instead, Mr. Meyer remained in the infirmary until his release approximately six or seven days later.

17.    Defendants acted with deliberate indifference by failing to protect Mr. Meyer from the known risk of violent physical attacks by Attackers #1-5. At all times relevant to this action, defendants have acted with deliberate indifference to the rights, health and safety of John Meyer. Defendants' actions were negligent, were done with

4

intent, recklessness, deliberate indifference, malice, callousness, and were done wantonly and oppressively.

18.    Defendants have each acted intentionally, recklessly, and with deliberate indifference to the federally protected rights of the Plaintiff.

19.    As a result of defendants' actions described above, Mr. Meyer has suffered physical pain, humiliation, and emotional distress.

## VI. CAUSE OF ACTION- 42 U.S.C. §1983

20.    Defendants, by failing to protect Mr. Meyer while acting under the color of state law, subjected Mr. Meyer to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

## VII. CLAIM FOR RELIEF

WHEREFORE, plaintiff demands that the Court:

A. Award compensatory damages against the defendants in an amount to be shown at trial;

B. Award plaintiff damages against the defendants in an amount to be shown at trial:

C. Award plaintiff reasonable attorney's fees, costs, and disbursements;

D. Grant plaintiff such additional relief as the Court deems just and proper.

Alphonse A. Gerhardstein, #0032053
Trial Attorney for Plaintiff
Jennifer L. Branch, #0038893
Attorney for Plaintiff
GERHARDSTEIN & BRANCH CO. LPA
617 Vine Street, Suite 1409
Cincinnati, Ohio 45202
(513) 621-9100

5

(513) 345-5543 (facsimile)
agerhadstein@gbfirm.com
jbranch@gbfirm.com

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues triable by a jury.

Alphonse A. Gerhardstein
Jennifer L. Branch