IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN MEYER,

      Plaintiff,

  vs.                              Civil Action 2:07-CV-1253
                                    Magistrate Judge King

BARBARA McNICHOLAS, *et al.*,

      Defendants.

## OPINION AND ORDER

A telephonic status conference was held on August 13, 2009. All parties were represented.

## I.    DEFENDANT'S MOTION *IN LIMINE*

Defendant has filed a motion *in limine* seeking to exclude any statements from the records of Consolidated Care, Inc., specifically from the "Adult Diagnostic Assessment" ("CCI records"). *Defendant's Motion in Limine to Bar Use of Evidence at Trial*, Doc. No. 38 ("*Motion in Limine*"). Defendant contends that the author of these records, a social worker, is not qualified as an expert and that the assessment of post traumatic stress disorder ("PTSD") reflected in these records is based upon inaccurate information provided by plaintiff. In response, plaintiff represents that he does not intend to use the CCI records to establish the truth of the information contained in those records or to otherwise establish that plaintiff in fact suffers from PTSD. However, plaintiff has not yet decided if he will use the records for another purpose at trial, such as to refresh a witness' recollection or to establish dates of service. In light of the parties' positions, the Court will defer ruling on this prong of the *Motion of Limine* until -- if at all -- the issue is raised during

trial.

The *Motion in Limine* also seeks to preclude plaintiff or plaintiff's counsel from referring to the incident upon which the action is based as a "rape" or a "sexual assault." Defendant contends that there is no evidence that plaintiff was raped or sexually assaulted and that the use of these terms will unnecessarily confuse and inflame the jury. Plaintiff's counsel agrees that it is undisputed that plaintiff was not raped and represents that plaintiff does not intend to characterize the underlying events as a "rape." However, in describing his current mental state or his response to the incident, plaintiff intends to use the word "rape." Plaintiff contends that the actual incident, during which an inmate touched his penis and buttocks while other inmates held him down, is accurately characterized as a "sexual assault."

This Court agrees. The Court will not prohibit plaintiff from using the word "rape" as long as the word is not used in an effort to characterize the actual event, but instead is used only in connection with plaintiff's mental state or emotional response to the incident. Similarly, the Court will not prohibit plaintiff from using the term "sexual assault." The term "sexual assault," as defined by Ohio law, includes conduct that plaintiff claims occurred. *See* O.R.C. §§ 2907.01(B), (C)[1]; 2907.05(A)[2]; 2907.06(A)[3]. Defendant, of course, may

---

[1]Chapter 2907 of the Ohio Revised Code specifically addresses "Sex Offenses" and is captioned "Sex Offenses Sexual Assaults." *See*, *e.g.*, O.R.C. §§ 2907.02, 2907.05 and 2907.06.

"Sexual contact" is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." O.R.C. §§ 2907.01(B). "Sexual activity" is "sexual conduct or sexual contact, or both." O.R.C. §§

propose a limiting instruction as to these terms.

**II. DEFENDANT'S MOTION TO AMEND FINAL PRETRIAL ORDER**

    **A.    Background**

On May 28, 2009, defendant filed a joint proposed final pretrial order, Doc. No. 32, and on June 1, 2009, a supplemental proposed final pretrial order. Doc. No. 33. On June 2, 2009, the final pretrial order, containing the language that was agreed upon by both parties, was adopted and filed by the Court. Doc. No. 34.

Defense counsel now seeks to modify the language in the final pretrial order previously approved by her. *Defendant's Motion to File Amended Pretrial Order*, Doc. No. 39. Specifically, defendant seeks to

---

2907.01(C).

    [2]This section provides in pertinent part:

Gross sexual imposition

(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

    (1) The offender purposely compels the other person, or one of the other persons, to submit by force or threat of force. . . .

O.R.C. 2907.05(A)(1).

    [3]This section provides in pertinent part:

Sexual imposition

(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

    (1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard. . . .

O.R.C. 2907.06(A)(1).

remove these stipulated facts from the final pretrial order:

- On Wednesday, January 11, 2006, John Meyer was held down on his bunk by several inmates who punched and choked him. They called over an inmate named 'Doughboy' who grabbed Mr. Meyer's penis and buttocks but did not rape him.

- A rape kit was performed.

- SCI's investigation verified that Doughboy grabbed Mr. Meyer's penis, testicles and buttocks while four inmates held him down. All five assailants were given conduct reports for violating SCI's rules.

*Id*. (hereinafter "disputed facts" or "disputed stipulations"). Defendant contends that she now cannot agree that these "facts" are uncontroverted. Defendant further argues that removing these facts from the final pretrial will not prejudice plaintiff, who can present this information by way of witness testimony. Plaintiff disagrees, contending that he will be prejudiced if the Court permits defendant to amend these stipulations, which were reviewed and accepted by both parties.

**B.  Standard**

Rule 16 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[t]he court may modify an order issued after a final pretrial conference *only* to prevent manifest injustice." Fed. R. Civ. P. 16(e) (emphasis added). *See also Tennessee Protection & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004) (defining "manifest injustice" as "an error in the trial court that is direct, obvious, and observable") (citing Black's Law Dictionary 974 (7th ed. 1999)). "The rationale behind this rule is to allow the parties sufficient time to adequately prepare for trial." *Stukey v. United*

*States Air Force*, 790 F. Supp. 165, 171 (S.D. Ohio 1992).[4] *See also Permasteelisa CS Corp. v. Airolite Co., LLC*, 2008 U.S. Dist. LEXIS 109329, at *7 (S.D. Ohio June 18, 2008) (Holschuh, J.) ("The purpose of a Final Pretrial Order is to conclusively fix the issues that remain to be litigated."). "The burden of establishing manifest injustice sufficient to permit a modification of the Final Pretrial Order falls squarely on the moving party." *C. Van Der Lely N.V. v. F. lli Maschio S.n.c.*, 1983 U.S. Dist. LEXIS 16430, at *35 (S.D. Ohio June 7, 1983) (Holschuh, J.). Factors to consider when determining whether to modify a final pretrial order include the prejudice to each party, the impact of a modification at this stage of the litigation and "the degree of willfulness, bad faith or inexcusable neglect" on the part of the moving party. *Id.* at *34. Determining whether or not to modify a final pretrial order falls within the sound discretion of the district court. *See*, *e.g.*, *Daniels v. Bd. of Educ.*, 805 F.2d 203, 210 (6th Cir. 1986).

**C.   Discussion**

In the case *sub judice*, defendant has failed to convince the Court that manifest injustice will result if the final pretrial order is not modified as she requests. First, defendant has not provided adequate justification for her request, which comes nearly two and a half months after the final pretrial order was filed and less than one week before the start of trial. By way of explanation for the

---

[4] Although *Stukey* was decided prior to the current version of Rule 16, the version of the rule in effect at that time contained the same restriction that "the order following a final pretrial conference shall be modified only to prevent manifest injustice." *Id*. (quoting Fed. R. Civ. P. 16) (internal quotation marks omitted).

request, defense counsel asserts that, in recent preparation for trial, she looked more closely at the language in the final pretrial order previously agreed to, but does not now believe that it accurately reflects the events in this case. However, the fact that defense counsel may not have paid adequate attention to the evidence in her possession and may have now changed the theory of her case does not, in this Court's view, give rise to "manifest injustice" should the request to amend be denied. Indeed, adequate preparation should have been completed in connection with preparation some months ago of the final pretrial order.[5]

Second, the Court concludes that plaintiff would be prejudiced by defendant's untimely request to modify the final pretrial order. If plaintiff wants to prove the facts contained in the disputed stipulations, he must do so through witness testimony. However, Lt. York, the Ohio Department of Rehabilitation and Correction ("ODRC") employee who investigated the incident, is now retired and his current whereabouts are unknown. Further, it is unclear that these facts can be established through documentary evidence; defendant does not agree that the conduct reports issued to the assailants and the ODRC investigation are admissible.

Nevertheless, the Court will consider modification of the disputed stipulations if defendant can establish that there is no

---

[5] The Court also notes that defense counsel apparently actually reviewed and made changes to the proposed final pretrial before submitting it to the Court. *See* Exhibits attached to Doc. No. 45. Defense counsel specifically chose not to modify the stipulations that she now disputes. *Id*. However, stipulations are binding on the parties. *See, e.g., Federal Deposit Ins. Corp. v. St. Paul Fire & Marine Ins. Co.*, 942 F.2d 1032, 1038 (6th Cir. 1991) ("Stipulations voluntarily entered by the parties are binding, both on the district court and on us.").

basis in fact for the stipulation.[6]  Moreover, defendant may propose additional stipulations to plaintiff regarding the conduct reports.

**WHEREUPON**, *Defendant's Motion in Limine to Bar Use of Evidence at Trial*, Doc. No. 38, is **DENIED** in part.  Plaintiff may use the word "rape" so long as he does not attempt to recast the actual underlying events as a "rape."  Plaintiff is also permitted to use the term "sexual assault."  The Court **DEFERS** ruling on whether or not the CCI records are excluded until the question arises during trial.

In addition, *Defendant's Motion to File Amended Pretrial Order*, Doc. No. 39, is **DENIED without prejudice to renewal**.  The Court will reconsider whether modification of the disputed stipulations is appropriate only if defendant can establish evidence that there is no basis in fact for the stipulation.


August 14, 2009                             *s/Norah McCann King*
                                            Norah M<sup>c</sup>Cann King
                                            United States Magistrate Judge

---

[6] For example, defendant contends that a rape kit was not performed on plaintiff, contrary to the parties' stipulation.